**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:10-cv-00377**

| | |
|---|---|
| **RICHARD MOORE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ADVANCE STORES COMPANY, INC.** | ) |
| **d/b/a ADVANCE AUTO PARTS,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## <u>CONSENT PROTECTIVE ORDER</u>

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon motion by the parties and it appearing that the discovery process in this action may involve the production of information that a party may contend is confidential and/or proprietary and that good cause exists for the entry of an Order limiting the disclosure of such information;

IT IS THEREFORE ORDERED that:

1.      This Order governs the handling and disclosure of all materials produced, given, or filed herein by the parties and designated as "CONFIDENTIAL INFORMATION."

2.      Definitions.

a. "Document" means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

b. "Material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

c. "Parties" means plaintiff Richard Moore and defendant Advance Stores Company, Inc.

d. "Confidential Information" as used herein includes personnel and payroll records of individuals who are not parties to this case, medical records, and all proprietary, business or other commercially sensitive information, whether documentary or otherwise, designated as "confidential" and delivered, produced or disclosed by any party in this action in response to an interrogatory, a request for production of documents, a deposition question or otherwise, or delivered, produced or disclosed by any third party in response to a subpoena, deposition question or otherwise. The designation of documents or information as "Confidential Information" shall not be conclusive for purposes of the substantive issues in this case. The definition of "Confidential Information" does not establish or create any presumption that such information is discoverable or admissible and this Order shall be without prejudice to the right of any party to oppose production of any information on any other ground.

3. A party or witness may designate as CONFIDENTIAL INFORMATION any material produced in the course of discovery that contains confidential information by affixing to each page of every such document, by stamp or other method which will make the word conspicuous, the word "CONFIDENTIAL." In the case of deposition transcripts and exhibits, the parties may designate such material as CONFIDENTIAL by a statement to that effect on the record by counsel for the party who claims that

Confidential Information is about to be or has been disclosed, or by letter thereafter, submitted within 30 days of receipt of the deposition transcript. In the event CONFIDENTIAL INFORMATION is contained in any written response to a discovery request, in any deposition transcript, or in any exhibit thereto, the confidential portion of such response, transcript, or exhibit shall be separately bound, and the words "CONFIDENTIAL" shall be placed thereon.

4.     In the event confidential, proprietary or sensitive material is inadvertently produced without placing the designation "CONFIDENTIAL" thereon, the party or witness may, subsequent to the production (or subsequent to the 30-day period for designating deposition transcripts), designate the material as CONFIDENTIAL INFORMATION. In such event, the material shall be treated in accordance with the terms of this Order from the time of the designation. Inadvertent or unintentional disclosure of CONFIDENTIAL INFORMATION, or information which a producing party intends to designate as CONFIDENTIAL INFORMATION, shall not be deemed a waiver in whole or in part of its claim of confidentiality with respect to either the information so disclosed or any other related information.

5.     Should a party object to the designation of any material as CONFIDENTIAL INFORMATION that party may apply to the Court for a ruling that the material shall not be so treated. Acceptance by a party of any confidential information, document or thing identified as CONFIDENTIAL INFORMATION hereunder shall not constitute a concession that the information, document or thing is CONFIDENTIAL INFORMATION. Either party may contest the right of the opposing party to designate documents as CONFIDENTIAL INFORMATION. Any such objections shall be in writing and served upon the other party within 30 days of receipt of such information, specifically identifying by bates number or otherwise each document as to which an

objection is raised. If the designating party wishes thereafter to have the documents treated as CONFIDENTIAL INFORMATION, that party shall move for a protective order under Fed. R. Civ. P. 26(c) within 20 days of receipt of the other party's objection; provided, however, that until the Court enters an order, if any, changing the designation of the material, it shall be treated as confidential as provided in this Order.

6.     Except upon further order of the Court, CONFIDENTIAL INFORMATION, and information derived therefrom, shall be disclosed only to the parties; counsel for the parties in this action; their legal assistants and other staff members; third-party witnesses or potential witnesses whom counsel reasonably deem necessary for the preparation and trial of this action; reporters taking testimony and their support personnel; and experts (including in-house experts) consulted or assisting the parties in this action. Counsel for each party shall be responsible for notifying each individual to whom disclosure is made of his/her obligations and responsibilities under this Order. Prior to the disclosure of documents or other materials designated as CONFIDENTIAL INFORMATION pursuant to this Order, the party or non-party to whom the CONFIDENTIAL INFORMATION will be disclosed shall sign a statement of confidentiality in the form attached hereto as Exhibit A.

7.     All CONFIDENTIAL INFORMATION, and information derived therefrom, shall be used solely in the prosecution or defense of the claims between the parties and shall not be used or disclosed by any person for any other purpose.

8.      Counsel for each party agrees to retain in their possession all of the written statements signed by individuals to whom disclosures were made.  All documents designated as CONFIDENTIAL INFORMATION, including copies or excerpts of documents, shall be returned to counsel by individuals given access to them as soon as possible.

9.      Any confidential material used at any deposition, hearing, trial or appellate proceeding of this matter shall be submitted under seal and maintained as confidential material unless directed otherwise by the Court.  Additionally, pleadings, motions, affidavits, and briefs that quote, summarize, or contain material entitled to protection may be marked "Confidential."  As long as CONFIDENTIAL INFORMATION is handled in accordance with Paragraph 6 and all other aspects of this Order, this Order shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during such proceedings.  Similarly, no party shall be deemed to have waived any objections to the admissibility of any CONFIDENTIAL INFORMATION into evidence with any proceeding in this action.

10.     Any CONFIDENTIAL INFORMATION filed with the Court shall be clearly marked "Confidential" and shall be kept by the Clerk under seal and made available only to the Court and persons authorized by the terms of this Protective Order to have access thereto.  The person filing any such designated confidential documents shall inform the Clerk that all or designated portions thereof are subject to this Protective Order and are to be kept under seal, except that upon the default of the filing party to so inform the Clerk, any party may do so.  Documents to be filed electronically that contain CONFIDENTIAL INFORMATION shall be redacted to exclude such confidential information and an unredacted hard copy of any such document shall be clearly marked "Confidential" kept by the Clerk under seal.

11.     This Order shall remain in effect for the period of this litigation and subsequent to its termination so as to protect the confidentiality of the CONFIDENTIAL INFORMATION.

12.     The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of CONFIDENTIAL INFORMATION.   Parties shall not duplicate any CONFIDENTIAL INFORMATION except to create working copies, deposition exhibits, or trial exhibits, for use in accordance with the terms of this Order.

13.     Counsel may move for a modification of this Order at any time that the interests of justice appear to so require.

14.     Ultimate disposition of materials and information protected by this Order is subject to a final order of the Court upon completion of litigation.   However, in the absence of a final order of the Court addressing the disposition of CONFIDENTIAL INFORMATION, the parties agree to destroy within 60 days after the termination of this litigation, any and all documents in their possession or control containing information which is the subject of this Order, including without limitation, any copies or excerpts of such documents.   Counsel for the parties may retain one copy of all documents to be kept in counsels' files and otherwise subject to the terms of this Order for purposes of complying with the applicable rules of professional conduct.

Signed: August 29, 2011

**CONSENTED TO:**

Graham C. Mullen
United States District Judge


_____/s/ John W. Gresham_____

John W. Gresham, NC Bar No.: 6647

*Attorney for Plaintiff*

TIN FULTON WALKER & OWEN, PLLC

301 East Park Avenue

Charlotte, NC 28203

Telephone:  (704) 338-1220

Fax:  (704) 338-1312

jgresham@tinfulton.com


_____/s/ Tanisha P. Johnson_____

Tanisha P. Johnson, NC Bar No.: 36856

*Attorney for Plaintiff*

FERGUSON, STEIN, CHAMBERS, GRESHAM & SUMTER, P.A.

741 Kenilworth Avenue, Suite 300

Charlotte, NC 28204

Telephone:  (704) 375-8461

Fax:    (704) 334-5654

Tjohnson@Fergusonstein.Com

        /s/ Matthew Keen

Matthew Keen, N.C. State Bar No. 14204

*Attorney for Defendant*

OGLETREE, DEAKINS, NASH, SMOAK, & STEWART, P.C.

4208 Six Forks Road, Suite 1100

Raleigh, North Carolina 27609

Telephone:     (919) 787-9700

Facsimile:     (919) 783-9412

Matthew.Keen@Ogletreedeakins.com

        /s/ Michael L. Wade

Michael L. Wade, Jr., N.C. State Bar No. 33520

*Attorney for Defendant*

OGLETREE, DEAKINS, NASH, SMOAK, & STEWART, P.C.

201 South College Street, Suite 2300

Charlotte, NC 28244

Telephone:     (704) 342-2588

Facsimile:     (704) 342-4379

Michael.Wade@Ogletreedeakins.com

EXHIBIT A


CONFIDENTIALITY AGREEMENT



I have read and am familiar with the terms of the Consent Protective Order governing the disclosure of confidential information in the case of ***Richard Moore v. Advanced Stores Company, Inc., Case No. 3:1O-cv-00377.*** I agree to abide by all the terms of said Order.

I understand that I may be subject to contempt for violating this Order and will be subject to the jurisdiction of the Court in which this action is pending for the purpose of proceedings to enforce this Order.

I also agree to return to counsel of record not later than thirty (30) days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).


Name: _____

Date: _____